Charles A. JOYCE, Joseph C. Matesic, Richard A. Samer and Vernon P. Taylor, for themselves and all other persons similarly situated, Plaintiffs,

v.

CURTISS–WRIGHT CORPORATION, Defendant.

No. 89–CV–1599C.

United States District Court, W.D. New York.

April 17, 1998.

E. Joseph Giroux, Jr., Buffalo, NY, for Plaintiffs.

O'Melveny & Meyers, L.L.P. (Robert N. Eccles, of counsel), Washington, DC, for Defendant.

## DECISION and ORDER

CURTIN, District Judge.

Currently pending are (1) defendant's motion for reconsideration of its February 10, 1992, motion for summary judgment pursuant to Fed.R.Civ.P. 54(b) or, in the alternative, motion to set aside the jury's May 7, 1996, verdict pursuant to Fed.R.Civ.P. 50(b) (Item 157); and (2) plaintiff's motion for reconsideration of this court's December 31, 1997, order pursuant to Fed.R.Civ.P. 54(b) and 60(b) (Item 159). After careful consideration of the parties' arguments, this court hereby grants defendant's motion pursuant to both Rules 50(b) and 54(b).

Rule 54(b) provides that an order that does not dispose of an entire action remains open and subject to revision at any time before entry of final judgment. On December 17, 1992, this court denied the parties' cross-motions for summary judgment, finding that the language in the collective bargaining agreement ("CBA") and insurance plan documents referring to the duration of coverage for retirees was ambiguous, and that extrinsic evidence presented a genuine issue of fact concerning the intent to vest retiree benefits. *Joyce v. Curtiss-Wright Corp.,* 810 F.Supp. 67, 73 (W.D.N.Y.1992). In May 1996, the court held a jury trial to resolve the question of whether retiree medical insurance benefits were vested such that defendant was required to continue to provide medical insurance coverage to retirees after the CBA expired. The jury found that the retirees' medical insurance benefits were vested (Item 122). Although this court entered judgment in favor of plaintiffs on June 4, 1996, the court vacated that judgment less than two months later, on July 10, realizing that it had entered judgment in error (Item 128).

Approximately one year after the trial, the Second Circuit for the first time articulated a clear standard for determining whether language in a CBA and accompanying agreements creates a promise for vested benefits. *American Federation of Grain Millers v. International Multifoods Corp.,* 116 F.3d 976 (2d Cir.1997). In *International Multifoods,* the Second Circuit addressed the very question of retiree health benefits in circumstances similar to those in the instant case. On December 31, 1997, in an order denying plaintiffs' motion for a permanent injunction and other relief, this court determined that under *International Multifoods,* the CBAs and insurance agreements in this case do not contain any written language which could reasonably be interpreted to constitute a promise to vest retiree medical benefits (Item 156, p. 24). The court therefore held that the CBAs and insurance agreements were unambiguous, containing clear and unequivocal language to the effect that any benefits provided were terminable by defendant once the agreements expired (*Id.*). This holding effectively reversed the court's finding in its December 17, 1992, denial of the parties' cross-motions for summary judgment.

This court has not entered final judgment in this case; therefore, the court may reconsider its December 17, 1992, denial of defendant's motion for summary judgment based on intervening authority and the court's December 31, 1997, ruling. Reconsidering its denial of defendant's motion for summary judgment, this court concludes that under the clarified standard articulated in *International Multifoods* and this court's application of that standard to the circumstances of this case (*see* Item 156, pp. 16–24), defendant's motion for summary judgment must be granted.

Since there has been a jury verdict in this case contrary to this court's present holding, the court also grants defendant's motion to set aside the jury's verdict and direct entry of judgment as a matter of law pursuant to Rule 50(b). Because defendant moved for a judgment as a matter of law at

the close of evidence, and because this court vacated the judgment it entered after the jury verdict, defendant's motion to set aside the jury verdict is timely.

In support of their motion for reconsideration of the court's December 31, 1997, order, plaintiffs have simply repeated the arguments they presented in support of their underlying motion for injunctive relief. The court carefully considered these arguments before reaching its decision denying plaintiffs' motion. Plaintiffs also argue that the Fifth Circuit's decision in *International Association of Machinists v. Masonite Corp.*, 122 F.3d 228 (5th Cir.1997), supports their contention that the language in the agreements in this case is sufficient to meet the test set forth in *International Multifoods. International Association of Machinists* does not help plaintiffs because (1) the Fifth Circuit did not apply the same legal standard as articulated in *International Multifoods*, (2) the plaintiffs in that case did not rely on the absence of language to prove that their benefits had vested, and (3) the language on which the plaintiffs relied ("[retirees] will be entitled to comprehensive medical expense insurance benefits for themselves and their covered dependents until the death of the retired employee") supported their argument significantly more strongly than any of the language in the present case.

Thus, for the foregoing reasons, this court grants defendant's motions for reconsideration of its motion for summary judgment and to set aside the jury verdict (Item 157), denies plaintiffs' motion for reconsideration of this court's December 31, 1997, order (Item 159), and enters judgment in defendant's favor.

So ordered.